IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AGAPITO FLORES, § | |
|    Petitioner § | |
| § | |
| VS. § | C.A. NO. C-07-52 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| DIRECTOR, TEXAS DEPARTMENT § | |
| OF CRIMINAL JUSTICE– § | |
| CORRECTIONAL INSTITUTIONS § | |
| DIVISION, § | |
|    Respondent § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, ("TDCJ-CID"), and currently is incarcerated at the Stevenson Unit in Cuero, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on January 30, 2007[1] (D.E. 1, p. 9). Petitioner claims that his constitutional rights were violated in a number of ways stemming from his conviction in state court on charges of retaliation and terroristic threat. In particular, he claims (1) he received ineffective assistance of counsel at trial; (2) he was denied due process and equal protection of the law; (3) there was insufficient evidence to support the conviction and (4) he received ineffective assistance of counsel on appeal. Respondent filed a motion for

---

[1] Petitioner executed his petition on January 30, 2007. In order to give him the benefit of the doubt under the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), it is assumed that he placed his petition in the prison mail system on the same day it was executed.

summary judgment on June 21, 2007 to which petitioner responded on July 11, 2007 (D.E. 15, 17).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2241 and 2254.

## BACKGROUND

On March 12, 2004 a jury in the 117th District Court of Nueces County, Texas found petitioner guilty of retaliation, a second degree felony, and of making terroristic threats, a Class B misdemeanor, for offenses which occurred on September 26, 2003. Ex Parte Flores, App. No. WR-65-859-01 (Event Date 09/26/2006) at 128.[2] In addition, petitioner pleaded true to an enhancement based on a previous conviction. Id. The court also made a finding that petitioner used or exhibited a deadly weapon during the commission of the offense. Id. The trial court sentenced petitioner to a 20-year term of incarceration in TDCJ-CID on the retaliation charge and a 180-day term of incarceration on the terroristic threat charge. Id.

Petitioner filed a direct appeal on July 7, 2004. Flores v. State of Texas, No. 13-04-147-CR. The Thirteenth Court of Appeals issued a memorandum opinion on June 9, 2005 in which it affirmed petitioner's convictions, but modified the trial court's judgment to reflect that there was no evidence to support a finding that petitioner used or exhibited a deadly weapon during the commission of the offense. Id.

---

[2]The state court records are located at D.E. 12.

Petitioner subsequently filed two motions for extension of time in which to file a motion for rehearing and the deadline was extended to July 25, 2005 (D.E. 15, Ex. A). Petitioner did not file a motion for rehearing and the mandate in his case issued on September 20, 2005.[3] Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (Orig. Pet., D.E. 1, p. 3).

Petitioner filed an application for habeas corpus relief in state court on August 23, 2006. The application was denied without written order on January 17, 2007. Ex Parte Flores, App. No. WR-65-859-01 (Event Date 09/26/2006 ) at cover. Petitioner next filed an application for habeas relief in this court on January 30, 2007 (D.E. 1).

Petitioner argues that his trial court counsel was ineffective when he failed to request a proper jury instruction, failed to object to inadmissible evidence, failed to object to the admission of extraneous conduct, failed to adequately prepare for trial and failed to inform petitioner of a plea offer. Petitioner further argues that he was denied equal protection and due process of law when the trial court allowed the inclusion of the lesser included offense of terroristic threat and when it failed to properly instruct the jury that some of petitioner's comments to the victim were protected under state and federal law. Petitioner also argues that the evidence was insufficient to support his conviction. Finally, petitioner argues that his appellate attorney provided ineffective assistance of

---

[3]http://www.13thcoa.courts.state.tx.us/opinions/printcase.asp?FilingID=14412.

counsel because he failed to raise the issue of his trial counsel's failure to request a proper jury charge and his trial counsel's failure to object to inadmissible evidence.

In his motion to dismiss, respondent argues that petitioner's cause of action is time-barred and also that any cause of action based on the terroristic threat conviction should be dismissed because he has discharged his 180-day sentence on that conviction. Petitioner counters that his cause of action is not time-barred if the limitations period is considered to have begun when the Thirteenth Court of Appeals issued its mandate in his case.

## APPLICABLE LAW

**A. Statute of Limitations**

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus on January 30, 2007 and so is subject to the AEDPA provisions. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's conviction was affirmed with one modification by the Court of Criminal Appeals on June 9, 2005. In most circumstances, the statute of limitations would have started to run 30 days later, when the time for filing a petition for discretionary review expired. TEX. R. APP. P. 68.2 (a). Petitioner would have had one year from that date to file his federal petition. However, petitioner sought and received two extensions to file motions for rehearing, although he never filed one. His deadline for filing a motion for rehearing was July 25, 2005 (D.E. 15, Ex. A). Giving petitioner every benefit of the doubt, his deadline to file a PDR expired, at the very latest, 30 days after the date he could have filed a motion for rehearing, or August 24, 2005.

Petitioner argues that the statute of limitations did not begin to run in his case until the Court of Appeals issued the mandate in his case on September 20, 2005 and cites in support Ex Parte Johnson, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000). In Johnson, the

5

Texas Court of Criminal Appeals held that it could not consider an application for writ of habeas corpus until the felony judgment from which relief was sought became final, and that it did not become final until the mandate issued. Id. at 473.

However, petitioner's argument that this holding applies to his federal application for habeas relief is foreclosed by the holding in Roberts v. Cockrell, 319 F.3d 690, 694-695 (5th Cir. 2003). There, the court held that for purposes of AEDPA, the one-year limitations period begins when the time period for filing a PDR ends, and specifically rejected the notion that it was bound by a state law definition of finality. Id. at 693. The court also specifically rejected the argument that the limitations period begins when the mandate issues. "Because the decision became final when the time for seeking further direct review expired, the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)A)." Id. at 694-695.

Accordingly, the one-year statute of limitations began running in petitioner's case on August 24, 2005 and was due to expire on August 23, 2006. The limitations period was tolled during the time that petitioner's state court habeas application was pending, which was a 148-day period, measured from the day petitioner filed his state habeas application, August 23, 2006, until January 17, 2007, the day the court of criminal appeals denied his application. Adding 148 days to his August 23, 2006 deadline

extended the limitations period to January 17, 2007.[4]  Petitioner did not file his federal petition until January 30, 2007, after the limitations period expired.

Petitioner also argues that he is entitled to equitable tolling of the statue of limitations.  Equitable tolling is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  The court can allow an untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances.  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

Petitioner argues that he relied on the state court Johnson decision to his detriment and also argues that he diligently pursued his rights in this matter.  However, Roberts settled the question of whether the issuance of the mandate triggered the limitations period in 2003, well before petitioner filed his law suit.  While legal research is challenging for incarcerated petitioners, the Fifth Circuit has held that a prisoner proceeding pro se is not a "rare and exceptional" circumstance which would trigger

---

[4] Another way to look at the limitations issue in this case is to say that the state court habeas petition did not toll the deadline at all because it was filed on the very day the limitations period in petitioner's federal case expired.  A state-court habeas petition filed after the expiration of the deadline does not serve to toll the statute of limitations.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

equitable tolling, Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000), and also has rejected the notion that ignorance of a filing deadline is cause for equitable tolling. Barrow v. New Orleans. S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991).

Nor is petitioner's argument that he has diligently pursued his habeas corpus rights supported by the record. Even if petitioner thought the limitations period to file his federal application began on September 20, 2005, he still waited more than 11 months, or until August 23, 2006, to file his state habeas application. Equitable tolling is not intended for those who sleep on their rights. Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989). Accordingly, petitioner's application for habeas corpus relief is time-barred.

**B. Discharge of Sentence**

Respondent also argues that petitioner cannot challenge the proceedings leading to his 180-day sentence on the terroristic threat conviction because he has discharged that sentence. Respondent is correct. In Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court first noted that the federal habeas statutes give the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody" in violation of the Constitution, laws or treaties of the United States. Id., 490 U.S. at 490, 109 S.Ct. at 1925 (citing 28 U.S.C. §§ 2241(c)(3) and 2254(a)). The statutory language requires that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed. Id., 490 U.S. at 490-491, 109 S.Ct. at 1923 (citing Carafas v. LaVallee, 391 U.S. 234, 238, 88

S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)). However, once a sentence has completely expired, an individual is no longer considered "in custody," for purposes of a habeas challenge. Maleng, 490 U.S. at 492, 109 S.Ct. at 1923.

Respondent asserts that petitioner's 180-day sentence has been fully discharged (D.E. 15, p. 9 and Ex. B) and petitioner does not challenge that factual assertion. Accordingly, to the extent petitioner is challenging the terroristic threat conviction, he is barred from doing so because he has discharged the sentence.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because jurists of reason would not find it debatable that petitioner's claims are barred by limitations, or that he is entitled to challenge the discharged sentence.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment (D.E. 15) be granted and petitioner's cause of action for habeas corpus relief be dismissed as time-barred and further that any challenge to his terroristic threat conviction be denied because he has fully discharged his sentence. It is further recommended that if petitioner seeks a COA, it be denied.

Respectfully submitted this 3rd day of January, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).