UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AGAPITO FLORES<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN,<br>DIRECTOR, TEXAS DEPT. OF<br>CRIMINAL JUSTICE–CORRECTIONAL<br>INSTITUTIONS DIVISION,<br>    Respondent. | § § § § § § § § § § § § § | Civ. No. CC-07-52 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS HABEAS CORPUS PETITION

The United States Magistrate Judge filed her Memorandum and Recommendation on January 3, 2008 (D.E. 18). Petitioner timely filed objections. Petitioner objects that the Magistrate Judge failed to apply the "mailbox rule" to the filing of his state-court habeas application. Petitioner asserts that application of this rule would extend the period during which the statute of limitations was tolled and make his federal habeas petition timely.

The Fifth Circuit has explicitly held that the "mailbox rule" does not apply to state-court habeas corpus applications filed in Texas. *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007). Petitioner relies on the decision of the Texas Supreme Court in

1

*Ramos v. Richardson*, which expanded the "mailbox rule" to cover certain civil actions in state court. 228 S.W.3d 671 (Tex. 2007). But the Court in *Howland* noted that the Texas Court of Criminal Appeals classifies habeas proceedings in state courts as criminal actions that are not covered by the Texas Rules of Civil Procedure. 507 F.3d at 844. The Court noted that the Texas Court of Criminal Appeals has never applied the "mailbox rule" to habeas proceedings in state court. *Id.*; *Coleman v. Johnson*, 184 F.3d 398, 401–02 (5th Cir. 1998). Accordingly, the Court finds that petitioner's state habeas application is not covered by the "mailbox rule" and that his petition is accordingly time-barred.

Having reviewed de novo the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, and plaintiff's objections, the Court accepts the Magistrate Judge's recommended decision. The Court finds that petitioner's habeas corpus petition is dismissed as time-barred. Accordingly, the Court GRANTS respondent's Motion for Summary Judgment (D.E. 15) and DISMISSES petitioner's habeas corpus petition with prejudice.

The Fifth Circuit permits this Court to *sua sponte* deny a certificate of appealability. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Magistrate Judge recommended that petitioner be denied a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling. *See Slack v. Daniel*, 529

U.S. 473, 484 (2000). The Court adopts the Magistrate Judge's recommended decision and ORDERS that a certificate of appealability not issue in this case.

ORDERED this 23 day of February 2008.

_____
HAYDEN HEAD
CHIEF JUDGE

3